

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
~~JOHN XXXXXXXXXX~~RD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Wayne Lefevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-5978
Re: Whether Clay County can
legally expend money out
of its Permanent Improve-
ment Fund for the purpose
of erecting a monument or
some form of memorial on
the courthouse yard in
honor of Clay County boys
in the Armed Services.

Your letter of April 18, 1944, requesting the opin-
ion of this department on the matters stated therein reads as
follows:

"Would it be legal for Clay County, Texas,
to expend out of its Permanent Improvement Fund
(Building Fund) monies for the purpose of erect-
ing a monument or some form of memorial on the
Courthouse yard in honor of Clay County boys who
are in the service, please advise. Or would it
be necessary for public subscription?"

Article 2352, of Vernon's Annotated Civil Statutes,
provides:

"Said court shall have the power to levy and
collect a tax for county purposes, not to exceed
twenty-five cents on the one hundred dollars valu-
ation, and a tax not to exceed fifteen cents on
the one hundred dollars valuation to supplement
the jury fund of the county, and not to exceed
fifteen cents for roads and bridges on the one
hundred dollars valuation, except for the payment
of debts incurred prior to the adoption of the

amendment to the Constitution, September 25, 1883, and for the erection of public buildings, streets, sewers, water-works and other permanent improvements, not to exceed twenty-five cents on the one hundred dollars valuation in any one year, and except as in the Constitution otherwise provided. They may levy an additional tax for road purposes not to exceed fifteen on the one hundred dollars valuation of the property subject to taxation, under the limitations and in the manner provided for in Article VIII, Section 9 of the Constitution and pursuant to the laws relating thereto."

Section 9 of Article VIII of the State Constitution prescribes the maximum rate of taxes for general purposes, for roads and bridges, for juries, and for permanent improvements, respectively. The money arising from taxes levied and collected for each of the enumerated purposes are constitutional funds; and the commissioners' court has no power to transfer money from one fund to another, nor to expend for one purpose tax money raised ostensibly for another purpose. The immediate purpose for the provision is to limit the amount of taxes that may be raised for these several purposes, respectively; but it is also designed to inhibit excessive expenditures for any such purpose and to require that any and all money raised by taxation for any purpose shall be applied to that particular purpose. (See Carroll v. Williams, 202 S. W. 504; Commissioners' Court of Henderson County v. Burke, 262 S. W. 94; Tex. Jur., Vol. 11, page 609, and authorities cited therein.)

Generally speaking, it is well established in this State that "commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the state." (Tex. Jur., Vol. 11, p. 565)

We have failed to find any authority that permits the commissioners' court to expend county funds for the purpose heretofore mentioned. We do not think that a "monument or memorial" such as mentioned in your letter is a permanent improvement as contemplated by the Constitution or statutes of this State.

Therefore, in the absence of such authority, it is the opinion of this department that Clay County has no legal authority to expend money out of its Permanent Improvement Fund or any other county fund for the purpose of erecting a monument or some form of memorial in honor of the citizens of said county who are in the Armed Services, although the proposed expenditure of said funds is a patriotic and commendable one.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    /s/ Ardell Williams
Ardell Williams
Assistant.

AW:db:sc

APPROVED APR 27, 1944

/s/ George P. Blackburn

Acting ATTORNEY GENERAL OF TEXAS

APPROVED

Opinion
Committee

By__BWB__
Chairman